**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS CORDERO,<br><br>                           Plaintiff,<br><br>  vs.<br><br>U.S. BANK, N.A., et al.,<br><br>                         Defendants. | Case No. 14CV1709-MMA (BLM)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 4] |

Plaintiff Luis Cordero has filed a civil complaint alleging various violations of the California Homeowner Bill of Rights. Defendants U.S. Bank, N.A. ("U.S. Bank") and Residential Credit Solutions, Inc. ("RCS") move to dismiss Plaintiff's complaint in its entirety.[1]  [Doc. No. 4.]  Plaintiff did not file a response in opposition, and Defendants filed a Notice of Plaintiff's Non-Opposition to the motion to dismiss.  [Doc. No. 10.]  The Court determined the matter suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

//

---

[1] As noted in Defendants' motion, Defendant Sage Point Lender Services, LLC ("Sage") filed a Declaration of Non-Monetary Status prior to the removal of this action to federal court.  Plaintiff did not object, therefore, Defendant Sage is not required to participate further in the proceeding, but is bound by any court order regarding the deed of trust that is the subject of the action. Cal. Civ. Code § 2924*l*(d) (West).

## BACKGROUND

On September 8, 2005, Plaintiff executed a deed of trust against his residence at 974 Loma View, Chula Vista, CA 91910 as security for a loan of $430,400 from Mortageit, Inc. [Cmpl. ¶¶ 1, 12.] On February 23, 2009, Plaintiff went into default, a Substitution of Trustee was recorded, and a Notice of Default was recorded. [Doc. No. 4.] A Notice of Trustee's Sale was recorded on May 27, 2009. [*Id.*] On October 15, 2012, an Assignment of Deed of Trust was recorded wherein all beneficial interest in the deed of trust was assigned to Defendant U.S. Bank [Cmpl. ¶ 13], and on March 8, 2013 a Substitution of Trustee was recorded substituting Defendant Sage, as trustee under the deed of trust. [Doc. No. 4.] A Notice of Default and Election to Sell Under Deed of Trust was recorded on January 16, 2014, and a Notice of Trustee's Sale was recorded on April 23, 2014. [*Id.*]

Plaintiff filed this action in the Superior Court of California, County of San Diego on January 20, 2014 alleging claims for violations of the California Homeowner Bill of Rights, codified as California Civil Code Sections 2923.5, 2924.17, 2924.19, 2924(a)(5), 2923.7, and 2923.6. Defendants removed the case to federal court on July 21, 2014, and now move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure Rule 12(b)(6).

## LEGAL STANDARD

**A.     Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)**

A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

//

1 Factual allegations must be enough to raise a right to relief above the speculative level."
2 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations, brackets, and
3 citations omitted).

4      In reviewing the motion to dismiss under Rule 12(b)(6), the court must assume the
5 truth of all factual allegations, and construe them in the light most favorable to the
6 nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).
7 However, "conclusory allegations of law and unwarranted inferences are not sufficient to
8 defeat a motion to dismiss," *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th
9 Cir. 1998), and a court generally may not look beyond the complaint for additional facts,
10 *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146
11 F.3d 699, 705–06 (9th Cir. 1998).

12      Where a motion to dismiss is granted, "leave to amend should be granted 'unless
13 the court determines that the allegation of other facts consistent with the challenged
14 pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*,
15 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. ServWell Furniture*
16 *Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Therefore, where leave to amend would be
17 futile, the court may dismiss the claims without leave to amend. *See id.*

18 **B.   Unopposed Motions to Dismiss**

19      A district court may properly grant an unopposed motion to dismiss pursuant to a
20 local rule where the local rule permits, but does not require, the granting of a motion for
21 failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). Southern
22 District of California Civil Local Rule 7.1 provides: "If an opposing party fails to file the
23 papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a
24 consent to the granting of a motion or other request for ruling by the court." S.D. Cal
25 Civ. L. R. 7.1(f)(3)(c). "Although there is…a [public] policy favoring disposition on the
26 merits, it is the responsibility of the moving party to move towards that disposition at a
27 //

reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (affirming grant of motion to dismiss for failure to prosecute); *see also Ruiz v. Bank of America, N.A.*, 10-CV-500-MMA(BLM), 2010 WL 8510152 (S.D. Cal. Sept 30, 2010) (Anello J.) (dismissing action pursuant to local Rule 7.1 for plaintiff's failure to respond to a motion to dismiss); *Yueh Chen v. PMC Bancorp*, No. 09-CV-2704-WQH(BLM), 2010 WL 2943506 (S.D. Cal. July 23, 2010) (Hayes, J.) (same).

**C.    Requests for Judicial Notice**

Generally, a district court's review on a 12(b)(6) motion to dismiss is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, "a court may take judicial notice of matters of public record," *id.* at 689 (internal quotations and citations omitted), and of "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Gailbraith v. Cnty. Of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Judicially noticed facts "may be considered on a motion to dismiss." *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

## DISCUSSION

**I.    Unopposed Motion to Dismiss**

Although the motion to dismiss in this case may be granted as unopposed pursuant to Civil Local Rule 7.1, the Court finds it appropriate to consider the motion to dismiss on the merits.

**II.    Requests for Judicial Notice**

Defendants filed a Request for Judicial Notice concurrently with the motion to dismiss, requesting the Court take judicial notice of certain public records relating to Plaintiff's complaint. [Doc. No. 5.] The public records include a Deed of Trust [Exh. 1],

//

a Substitution of Trustee [Exh. 2], a Notice of Default and Election to Sell under Deed of Trust [Exh. 3], a Notice of Trustee's Sale [Exh. 4], an Assignment of Deed of Trust [Exh. 5], a Substitution of Trustee [Exh. 6], a Notice of Default and Election to Sell under Deed of Trust [Exh. 7], and a Notice of Trustee's Sale [Exh. 8].

Neither party questions the authenticity of these public records, therefore to the extent that the Court references such documents herein, Defendant's Request for Judicial Notice is **GRANTED**.

### III.   Motion to Dismiss

#### A.   First Cause of Action: Violation of Cal. Civ. Code Section 2923.5

Defendants move to dismiss Plaintiff's Section 2923.5 claim. California Civil Code Section 2923.5 prohibits a "mortgage servicer, mortgage trustee, beneficiary, or authorized agent" from recording a notice of default until the mortgage servicer has satisfied certain statutory outreach requirements.

Plaintiff alleges Defendants "did not contact [Plaintiff] with any foreclosure alternatives and proceeded with filing a Notice of Default…Further, [Defendant Sage] made no attempt to contact Plaintiff by phone as required by law." [Cmpl. ¶ 17.] Plaintiff also alleges that "the only telephonic communication [Plaintiff] was able to maintain was with Defendant RESIDENTIAL CREDIT SOLUTIONS" and that those communications were "both minimal and unhelpful; ultimately providing [Plaintiff] with inadequate foreclosure prevention assistance." [*Id.*] Plaintiff later contends Defendant RCS "could not provide specifics regarding [Plaintiff's] home loan or foreclosure prevention alternatives," but, "acted with bare minimum standards," and "did send Plaintiff written correspondence." [Cmpl. ¶ 26.]

As a preliminary matter, Section 2923.5 requires a *mortgage servicer* to "contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal Civ. Code § 2923.5(a)(2). Although Defendant RCS is a mortgage servicer [Cmpl. ¶¶ 2], Defendant

U.S. Bank is not [Cmpl. ¶ ¶ 3], so there is no cause of action against it under this Section.[2]

Furthermore, Plaintiff acknowledges in his complaint Defendant RCS contacted Plaintiff by phone and in writing, and that Defendant RCS acted with minimum standards in providing Plaintiff with information regarding foreclosure alternatives.  Indeed, as Defendants note in the motion to dismiss, Plaintiff acknowledges he was permitted to submit a loan modification package after the notice of default was recorded, even though the application was denied.  [Cmpl. ¶ ¶ 15, 19.]  There is no requirement Plaintiff be satisfied with the results of the mortgage servicer's contact, as Section 2923.5 merely "contemplates contact and some analysis of the borrower's financial situation."  *See Davenport v. Litton Loan Servicing, LP,* 725 F. Supp. 2d 862, 877 (N.D. Cal. 2010).

Plaintiff fails to state a plausible claim against Defendants under Section 2923.5. Accordingly, this cause of action is **DISMISSED**.

**B.     Second Cause of Action: Violation of Cal. Civ. Code Section 2924.17**

Plaintiff's second claim arises under California Civil Code Section 2924.17, which requires a mortgage servicer to review "competent and reliable evidence to substantiate the borrower's default and the right to foreclose" before recording a notice of default or notice of sale in connection with a foreclosure.  Section 2924.17(c) provides an additional civil penalty for "multiple and repeated uncorrected" violations of the review requirement, but only if the action is brought by a government entity.  Defendants move to dismiss Plaintiff's second cause of action on grounds the claim "is not brought by a government entity or an administrative proceeding [sic]," and "no sale has occurred to date so the claim is not even ripe for economic damages."  [Doc. No. 4.]

---

[2] Plaintiff's complaint also fails to include allegations regarding whether Defendants are the types of entities described in California Civil Code Section 2924.18(b), as required in Section 2923.5(g).  If Defendants are not accurately described under Section 2924.18(b), it is likely that Defendants' conduct would instead be governed under Section 2923.55, which contains provisions largely similar to those in Section 2923.5.  However, the Court's analysis would apply with equal force to an identical claim brought by Plaintiff under Section 2923.5.

Defendants' argument misses the mark.  Although this provision provides an additional avenue of relief to specified government entities, it is not a prerequisite to a claim under this Section.  *See* Cal. Civ. Code § 2924.12(a)(1) (West) ("If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section…2924.17"); *Major v. Wells Fargo Bank, N.A.*, 14-CV-998-LAB-RBB, 2014 WL 4103936 (S.D. Cal. Aug. 18, 2014) ("[Plaintiffs'] claim that Wells Fargo did not ensure that they had reviewed all the information required under Section 2924.17 is an intelligible allegation, but as Wells Fargo argues it lacks materiality. The purpose of the statute is to make sure that lenders determine that they have a right to foreclose before initiating foreclosure proceedings.").

Nonetheless, Plaintiff's claim is subject to dismissal.  Section 2924.17(b) requires a mortgage servicer "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information" before filing a notice of default or notice of sale.  While Plaintiff alleges he was refused a request to reapply for a second loan modification after receiving a substantial increase in income [Cmpl. ¶ 19], there is no further allegation the notices were inaccurate or incomplete, or that the mortgage servicer failed to review "competent and reliable evidence" regarding Plaintiff's default or the right of Defendants to foreclose.  These allegations are insufficient to bring an action under Section 2924.17, therefore the second cause of action is **DISMISSED**.

**C.     Third Cause of Action: Violation of Cal. Civ. Code Section 2924.19**

Pursuant to Section 2924.19(a)(1), "[i]f a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of Section 2923.5, 2924.17, or 2924.18."  Plaintiff makes no allegations for this cause of action, but instead "request[s] damages due to lack of mortgage assistance and

pursuit of foreclosure."[3]  [Cmpl. ¶ 22.]  Defendants move to dismiss on grounds that Section 2924.19 only authorizes injunctive relief or monetary damages resulting from material violations of Section 2923.5, 2924.17, or 2924.18, and cannot be pled as an independent claim.

As discussed above, Plaintiff fails to state a plausible claim under Section 2923.5 or Section 2924.17.  Plaintiff also fails to allege a violation of Section 2924.18, which prohibits recording a notice of default or notice of sale while a borrower's first lien loan modification application is pending (commonly referred to as "dual tracking").  As such, Plaintiff's derivative third cause of action fails and is **DISMISSED**.

### D. Fourth Cause of Action: Violation of Cal. Civ. Code Section 2924(a)(5)

Plaintiff's fourth claim arises under Section 2924(a)(5), which requires written notice be provided to a borrower "whenever a sale is postponed for a period of at least 10 business days."  Although Plaintiff alleges "no contact was made to confirm the postponement of the Trustee sale date" [Cmpl. ¶ 24.], Plaintiff does not allege the sale was postponed for at least 10 business days, or prejudice from the lack of formal notice.[4]  Therefore, the fourth cause of action is **DISMISSED**.

### E. Fifth Cause of Action: Violation of Cal. Civ. Code Section 2923.7

Plaintiff's fifth claim is brought pursuant to Section 2923.7, which sets forth: "Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide…direct means of communication with the single point of contact."  Defendants move to dismiss

---

[3] Plaintiff's complaint does not contain a specific request for injunctive relief.  The Court notes that within three days of filing his complaint in state court, Plaintiff filed an ex parte application requesting a temporary restraining order prohibiting Defendants from proceeding with a trustee's sale or otherwise disposing of Plaintiff's property.  [*See* Doc. No. 1, Notice of Removal, Exh. 4.]  The record reflects that the ex parte hearing on Plaintiff's application for a TRO was vacated by the state court judge and not rescheduled prior to the action's removal by Defendants one month later.  Plaintiff did not renew his request for injunctive relief in this Court subsequent to removal.

[4] *See Pantoja v. Countrywide Home Loans Inc.*, 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009) (notice of default not deficient where notice misidentified beneficiary under California Civil Code Section 2924c(b)(1) because plaintiff did not allege prejudice); *c.f. Lehner v. United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (rejecting claim foreclosure was invalid because notice of sale was sent to incorrect address).

the fifth cause of action because Plaintiff acknowledges he was in contact with the mortgage servicer, Defendant RCS, and because other allegations in the complaint appear to indicate there was a "single point of contact" as defined in Section 2923.7.  Defendants also argue Plaintiff has failed to allege prejudice resulting from the purported failure to create a single point of contact.

Plaintiff claims Defendants "did not provide a single point of contact knowledgeable of both possible foreclosure prevention alternatives and the specifics of Plaintiff's home loan," and "Plaintiff was never given the opportunity to contact Defendants US. [sic] BANK or SAGE POINT."   [Cmpl. ¶ 26.]   Plaintiff also alleges Defendant RCS "could not provide specifics regarding his home loan or foreclosure prevention alternatives."  [*Id.*]  Section 2923.7 only requires the single point of contact be knowledgeable of possible foreclosure prevention alternatives to ensure "the borrower is considered for all foreclosure prevention alternatives offered by, or through, the mortgage servicer."  Cal. Civ. Code § 2923.7(b) (West).  Section 2923.7 does not impose a duty on the single point of contact to "describe the foreclosure process, answer questions in a timely and effective manner, and [provide] updates on the status of [a borrower's] home."  [Cmpl. ¶ 26].  Plaintiff acknowledges he was in contact with Defendant RCS, and that he was able to submit an application for loan modification.  [Cmpl. ¶ 26, 28.]  Plaintiff's additional allegations are irrelevant, therefore, the fifth cause of action is **DISMISSED**.

**F.     Sixth Cause of Action: Violation of Cal. Civ. Code Section 2923.6**

Finally, Plaintiff alleges Defendants violated Section 2923.6, which prohibits recording a notice of default or notice of sale while a first lien loan modification application is pending, and sets forth guidelines regarding denied and subsequent applications.

Plaintiff alleges he "was not formally declined for loan modification" and Defendant RCS "did not provide any means of appeal or other foreclosure prevention alternatives with the denial of Plaintiff's loan modification application."  [Cmpl. ¶ 28.]

Defendants argue Plaintiff fails to allege Section 2923.6 applies to Defendants, Plaintiff is not entitled protection under the statute, and that Plaintiff failed to allege prejudice resulting from the procedural irregularity.

Section 2923.6 only applies "to mortgages or deeds of trust described in Section 2924.15." Section 2924.15 states Section 2923.6 "shall apply only to first lien mortgages or deeds of trust that are secured by owner-occupied residential real property containing no more than four dwelling units." Assuming the property at issue contains no more than four dwelling units, Section 2923.6(i) further provides subdivisions (c)-(h) "shall not apply to entities described in subdivision (b) of Section 2924.18," which include entities that foreclosed on 175 or fewer residential real properties with four or fewer dwelling units in California during the preceding annual reporting period. Plaintiff fails to address these requirements in the complaint, therefore there are insufficient allegations to establish Section 2923.6 applies.

Assuming Section 2923.6 does apply, it does not require Plaintiff be provided "means of appeal or other foreclosure prevention alternatives," but rather it prohibits recording "a notice of default or notice of sale…while the complete first lien loan modification application is pending," until "[t]he mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period…has expired." Cal. Civ. Code § 2923.6(c) (West). Additionally, although Plaintiff alleges he "was not given ample opportunity to reapply once a substantial material change in his income occurred," [Cmpl. ¶ 28], he fails to indicate whether his change in income was documented and submitted to the mortgage servicer as required for borrowers denied a first lien loan modification. Cal. Civ. Code § 2923.6(g) (West).

In sum, Plaintiff's sixth cause of action lacks sufficient allegations to establish grounds to his entitlement of relief. Therefore, it is **DISMISSED**.

//
//

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's complaint in its entirety without prejudice. The Clerk of Court is instructed to close the case.

**IT IS SO ORDERED.**

Dated: September 17, 2014

Hon. Michael M. Anello
United States District Judge